# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br>v.<br><br>LIFESTANCE HEALTH, INC.<br><br><br><br>   Defendant. | Civil Action No.<br><br>Jury Trial Demand |

## COMPLAINT

## FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Complaint, by and through undersigned counsel, Jesse Kelly P.C., files this Complaint against LifeStance Health, Inc (hereafter "LifeStance").

## INTRODUCTION

This is a case of employment discrimination, and violations of Title VII of the Civil Rights Act of 1964

## JURISDICTION AND VENUE

1.

Plaintiff's claim presents federal questions against a private sector employer which this Court has jurisdiction pursuant to 28 U.S.C. §1331, and all prerequisites have been met. This suit is properly before this Court.

2.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 4, 2023. Plaintiff received her Notice of Right to Sue on September 20, 2020.

3.

Plaintiff brings the above-entitled Complaint within 90 days of her receipt of the EEOC's Notice of Right to Sue.

4.

Venue is proper under 28 U.S.C §1391(b) and (c), as all of the acts of which Plaintiff complains occurred in the United States District Court for the Northern District of Georgia. Additionally, Defendant has a registered office in this District.

**PARTIES**

5.

Jane Doe was an applicant for employment with LifeStance Therapist & Psychiatrist Johns Creek at all relevant times. Plaintiff is a resident of Henry County, GA and is a citizen of the United States.

6.

LifeStance, is an employer within the meaning of 42 U.S.C. §200e(b) and has its registered office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 in Gwinnett County.

## FACTS

7.

Plaintiff is a survivor of human sex trafficking.

8.

Plaintiff met Dr. Syed Imam, MD ("Dr. Imam"), a former Health Professional, at LifeStance in 2013 while she was still an active victim of human sex trafficking.

9.

In 2020, Dr. Imam contacted Plaintiff where she first learned that he was a psychologist.

10.

With knowledge that Dr. Imam was a psychologist that specialized in Women's Issues, Plaintiff sought Dr. Imam's counsel as she worked to transition out of human trafficking.

11.

Instead of providing counsel to assist in Plaintiff's transition out of human trafficking, Dr. Imam traded his medical counsel in exchange for sex on demand with Plaintiff at various hotels throughout metro Atlanta.

12.

Dr. Imam additionally provided lodging for Plaintiff at some of the same hotels in which he met with Plaintiff for sex.

13.

On February 8, 2023, with knowledge that Plaintiff was looking for employment, Dr. Imam requested that she send him her resume.

14.

On February 11, 2023, Plaintiff sent her resume via PDF to Dr. Imam's personal email @hotmail.com.

15.

In response to Plaintiff's February 13th inquiry, Dr. Imam responded by text saying, "Yes , I send your resume, [sic]"

16.

On February 16, 2023, at 12:00 PM, Plaintiff interviewed with Regional Manager, Tara Pirkle and others, for Defendant's Medical Assistant / Front

Desk Receptionist position at 10090 Medlock Bridge Road, Suite 110, in Johns Creek, GA.

17.

Plaintiff was asked during her interview about how she knew Dr. Imam.

18.

Plaintiff was informed during the interview that the position would be starting in April 2023; staff additionally showed Plaintiff where she would be working.

19.

On February 18, 2023, Plaintiff communicated to Dr. Imam that she had received a job offer that started in April.

20.

On various occasions after February 18, 2023, Dr. Imam continued meeting and requesting to meet Plaintiff for sex.

21.

Additionally, Dr. Imam, asked Plaintiff to find him a young Indian woman that he could impregnate in exchange for $80,000.00.

22.

Dr. Imam also requested that the Plaintiff undergo labiaplasty surgery for his aesthetic pleasure.

23.

On or about March 24, 2023, Plaintiff declined Dr. Syed Imam's request; she further expressed her intent to stop meeting with Dr. Imam for sex since after she was employed by LifeStance she would no longer need his assistance.

24.

In response, Dr. Imam informed Plaintiff that LifeStance would be moving forward with a Filipino candidate for the position she interviewed on February 16th.

25.

On March 24, 2023, Plaintiff informed Dr. Imam of her intent to contact the EEOC and police to express her opposition to being exploited for sex.

26.

On March 27, 2023, Plaintiff received an email from Tara Pirkle informing her that LifeStance was choosing to hire a different candidate.

27.

On March 27, 2023, Plaintiff responded to Tara Pirkle's email by revealing the quid pro quo relationship that Dr. Imam established with her.

COUNT I
QUID PRO QUO SEXUAL HARASSMENT

## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT 29 C.F.R.§ 1604.11(a)

28.

Plaintiff was a female candidate for employment at LifeStance.

29.

Dr. Imam was a psychiatrist with LifeStance in Johns Creek, GA.

30.

With knowledge that Plaintiff was seeking help from trauma associated with human trafficking, Dr. Imam cultivated an ongoing sexual relationship with Plaintiff in exchange for his medical counsel and monetary payments.

31.

On February 8, 2023, Dr. Imam, requested that Plaintiff send him her resume for a position at LifeStance.

32.

On February 11, 2023, Plaintiff sent her resume via PDF to Dr. Imam's personal email @hotmail.com.

33.

On February 13, 2023, Dr. Imam confirmed that he forwarded Plaintiff's resume to hiring officials at LifeStance and that "she" would be reaching out.

34.

On February 16, 2023, at 12:00 PM, Plaintiff interviewed with Regional Manager, Tara Pirkle and others, for Defendant's Medical Assistant / Front Desk Receptionist position at 10090 Medlock Bridge Road, Suite 110, in Johns Creek, GA.

35.

Plaintiff was asked during her interview Plaintiff was asked about how she knew Dr. Imam.

36.

After the interview, Plaintiff was informed that the position would starting in April 2023.

37.

On February 18, 2023, Plaintiff communicated to Dr. Imam that she had received a job offer that started in April.

38.

On various occasions after February 18, 2023, Dr. Imam continued meeting and requesting to meet Plaintiff for sex.

39.

Additionally, Dr. Imam, asked Plaintiff to find him a young Indian woman that he could impregnate in exchange for $80,000.00.

40.

Dr. Imam also requested that the Plaintiff undergo labiaplasty surgery for his aesthetic pleasure.

41.

On or about March 24, 2023, Plaintiff declined Dr. Syed Imam's request; she further expressed her intent to stop meeting with Dr. Imam for sex since after she was employed she would no longer need his assistance.

42.

In response, Dr. Imam informed Plaintiff that LifeStance would be moving forward with a different candidate for the position she interviewed on February 16th.

43.

On March 27, 2023, Plaintiff responded to Tara Pirkle's email by revealing the quid pro quo relationship that Dr. Imam established with her.

COUNT II
RETALITAION
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT 29
C.F.R.§ 1604.11(a)

44.

Plaintiff incorporates paragraphs 7-43 into this claim.

45.

On March 24, 2023, Plaintiff expressed to Dr. Imam her opposition to being taken advantage of for sex.

46.

On March 27, 2023, Plaintiff received an email from Tara Pirkle that she would not be selected for the position that she interviewed for on February 16, 2023.

47.

Dr. Imam facilitated Plaintiff's interview with LifeStance by forwarding her resume to hiring officials at Defendant on or before February 13, 2023.

48.

Immediately after Plaintiff rejected Dr. Imam's demands for continued sex, labiaplasty surgery, and the request to groom a younger Indian woman, he informed her that she would be rejected for the position she applied for.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter

B. That the Court award lost compensation and economic benefits of employment to the Plaintiff in the amount to be determined by the trier of fact;

C. That the Court award Plaintiff her cost of litigation in this action and her reasonable attorney's fees.

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 19th day of December 2023.

**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service This 19th day of December 2023.

                 **JESSE KELLY PC**

                 */s/ Jesse Kelly*
                 **Jesse L. Kelly**
                 Ga Bar No. 935869
                 3355 Lenox Rd. Suite 1000,
                 Atlanta, GA 30326
                 Phone: (678) 460-6801
                 Fax: (678) 730-3443
                 jesse@jkellypc.com